WASHINGTON KEENAN *v.* JOHN PATNO ET AL.

February Term, 1934.

Present: SLACK, MOULTON, and THOMPSON, JJ., and SHERMAN and STURTEVANT, Supr. JJ.

Opinion filed May 1, 1934.

*Wm. R. McFeeters* for the plaintiff.

*Harold C. Sylvester* for the defendant.

SLACK, J.  It appears from the chancellor's findings that on July 19, 1930, the plaintiff gave defendant, Patno, a written lease of a farm of about fifty acres located in Swanton, together with four cows and certain farming tools, implements and machinery, for the term of two years from November 1, 1929, with the privilege of renewing the same for a further term of two years subject to the same terms and conditions, and therein agreed to furnish four more cows, eight in all, from November 1, 1930, to the termination of Patno's occupancy, in consideration of which Patno agreed to use and manage said premises in a good husbandlike manner, and pay to plaintiff, his executors, administrators or assigns, ''as rent,'' one-half of the income from said farm, each party to pay one-half of all necessary expenses.

It further appears that in September, 1930, the town of Swanton, through plaintiff as school director, hired Patno to transport certain children to and from school; that Patno did this approximately three school years of thirty-six weeks each; that the first two years he received $22.50 per week and the last year $20.00 per week; that to do this work it was necessary for him to fix up a proper conveyance which he did at his own expense, except for a small amount of lumber which plaintiff gave him; that he used his own horses, paid for the grain he fed them, kept them shod, and after the first fall hired his son to drive the school team—in fact paid all expenses incident to this employment.  It also appears that when he was getting ready for this work, in September, 1930, he asked plaintiff if they should go halves on the ''transportation business,'' and plaintiff said, ''No, he didn't want anything to do with it and wanted him to have all there was in it''; that in the fall of 1932 plaintiff asked Patno if he didn't think they should go fifty-fifty on the transportation, which Patno then declined to do; that later plaintiff suggested that they arbitrate the matter, and Patno refused to do that.  It is found, too, that when Patno went onto the farm, November 1, 1929, he had three horses; that he never had more than that number; that two of these he used in transporting the school children; that there was no complaint but what he had done the farm work, and, although his horses had

been fed hay from the farm, there was no evidence that they ate more because of the work on the road.

The bill, which is dated March 29, 1933, alleges various breaches of his contract by Patno including his refusal to account for the money received by him for the transportation of said children, and prays for an accounting and an order that the money due, and to become due, him for such transportation be held by the defendant, Town of Swanton, until further order of court. We understand that such an order was made, and is still in force. The court below dismissed the bill, and the case is here on plaintiff's exceptions and appeal.

The plaintiff excepted to certain findings, and to the failure of the chancellor to find certain facts as requested, but in our view of the case none of these exceptions require consideration. The only remaining question is the right of plaintiff to share in the net proceeds of the transportation contract.

The terms of the lease, and facts found that are not challenged clearly show that the bill was properly dismissed. By the terms of the lease Patno agreed to carry on the farm in a good husbandlike manner and pay plaintiff, *as rent*, one-half of the net income from the farm. In other words, plaintiff was entitled to receive as compensation for the property leased one-half of the net income *from the farm* when carried on in a good husbandlike manner—no more. That he got this is not questioned. Such of Patno's time and services, if any, as were not required to carry on the farm in the manner indicated he had the right to use as he saw fit. It is found, as we have seen, that in performing the transportation contract he used his own team, and, except the first fall, hired some one to drive it, and bore the entire expense incident to this work except the hay which his horses ate, and no claim respecting that is made by plaintiff.

The only case cited by plaintiff in support of his claim to share in the proceeds of the transportation contract is *Brown* v. *Burlington & Tr.*, 36 Vt. 40. Several items were involved in that case concerning which the court reached different conclusions; and, while we are not informed which one is relied upon by the plaintiff, we assume that it is the one regarding the oxen. There the landlord furnished a yoke of oxen to do the farm work, and the tenant took care of them. The tenant used them to do work on the farm which was for the exclusive benefit

of the landlord, and to do work for other people, and it was held that he was entitled to one-half of what was received for the use of them in work not contemplated by the lease. But it was only through the tenant's own personal labor with the oxen that they earned anything for anyone. In the circumstances the court said that it did not appear just to give the landlord the entire earnings of the oxen. With this we agree. But the situation here, as we have seen, is entirely different. The plaintiff has contributed nothing, team, labor, or expense, that he now claims for, toward the performance of the transportation contract, and for the first two years refused to have anything to do with it. In the circumstances, this case is not governed by the case cited.

■ The plaintiff says that by his answer Patno admitted liability to account for this money under the lease. Such is not the necessary interpretation of his answer when read in connection with the bill. The bill does not allege his liability to account, except inferentially. It merely alleges that during his occupancy of the farm he carried school children for hire, under a contract with the town, and has refused to account for the money received for such services. Patno denies that he refused to account, and in that connection sets forth his conversation with plaintiff in September, 1930. While that talk indicated a willingness at that time to share the receipts from such contract upon certain conditions, which plaintiff declined, it did not necessarily constitute an admission of liability therefor under the lease, and in the circumstances wo do not so construe it.

*Decree affirmed, and cause remanded, with directions that the injunction and all restraining orders be dissolved forthwith.*